**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KULDEEP, *No Given Name*,<br><br>                              Petitioner,<br><br>    v.<br><br>WARDEN, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-01381-BAS-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Kuldeep filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he has been arbitrarily or unreasonably prolonged in custody. (ECF No. 1.)  The Government files a notice of non-opposition to Petitioner's request for a bond hearing. (ECF No. 3.)  Thus, the Court **GRANTS** the Petition and orders that Petitioner be granted a bond hearing as indicated below.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

- 1 -

she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner, a citizen of India, entered the United States on June 29, 2019, seeking asylum.  (ECF No. 1 ¶¶ 2–3.)  On November 26, 2019, Petitioner was issued a Notice to Appear.  (*Id.* ¶ 4.)  It is not clear from the Petition if he was released at that time.  On February 11, 2026, an Immigration Judge denied Petitioner's asylum application. (*Id.* ¶ 5.)  He has appealed that decision to the BIA.  (*Id.*)

On February 19, 2026, while Petitioner was stopped at a gas station, Immigration and Customs Enforcement ("ICE") re-arrested Petitioner and found he was subject to mandatory detention under § 1225(b).  Petitioner now claims that his prolonged, indefinite detention pending removal proceedings violates the Fifth Amendment.  (*Id.* ¶ 13.)  He requests an order releasing him from custody or a bond hearing before an Immigration Judge.  (*Id.* ¶14.)  Although it is not clear to the Court how long Petitioner has been in immigration custody, in light of the Government's notice of non-opposition, the Court **GRANTS** the Petition as to the bond-hearing request.  (ECF No. 1.)

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that No Given Name Kuldeep (A# 213-493-089) be granted a bond hearing before an Immigration Judge within 14 days of today's date.  The Government has the burden at that hearing to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that no amount of bond or monitoring can protect the public or ensure his appearance at future proceedings.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 17, 2026**

- 2 -

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1381